UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRYSTAL BRUE,**<br>         **Plaintiff,**<br><br> v.<br><br>**JAMES CASTLE, WINBURN MILK COMPANY, and HALLMARK COUNTY MUTUAL INSURANCE COMPANY**<br>         **Defendants.** | **CASE NO.:**<br><br>**SECTION:         DIVISION:**<br><br>**JUDGE:**<br><br>**MAG:** |

**FILED:** _____           _____
                                                                    **DEPUTY CLERK**

### NOTICE OF REMOVAL

TO:   The Honorable Judges of the
        United States District Court for the
        Middle District of Louisiana

**NOW INTO COURT**, through undersigned counsel, come Defendants, **JAMES CASTLE, WINBURN MILK COMPANY, and HALLMARK COUNTY MUTUAL INSURANCE COMPANY,** who hereby file this Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, and hereby remove this matter to the United States District Court for the Middle District of Louisiana based on diversity jurisdiction, 28 U.S.C. § 1332 and aver as follows:

**I.**

On December 17, 2020, plaintiff, Krystal Brue, filed suit against Defendants, James Castle, Winburn Milk Company, and Hallmark County Mutual Insurance Company, in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, alleging injuries and damages following an automobile accident that occurred in East Baton Rouge Parish on or about January 3, 2020.[1] The Civil Action Number is 702801, Division "F," Section 22, and is entitled *"Krystal Brue versus James Castle, Winburn Milk Company, and Hallmark County Mutual Insurance Company."*

## II.

Winburn Milk Company was served with the Petition for Damages on or about January 12, 2021.

## III.

By a preponderance of the evidence, the amount in controversy is in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(b). Plaintiff's Petition for Damages alleges that Plaintiff, Krystal Brue, sustained injuries that have forced her to undergo medical treatment including surgery as well as medial branch blocks to her cervical spine.[2] Plaintiff alleges damages in the form of:

1. Medical expenses;

2. Mental anguish, pain and suffering;

3. Physical pain and suffering;

---

[1] *See* Petition for Damages, attached hereto as Exhibit A, *in globo* with all pleadings filed in state court in this matter.
[2] Exhibit A at ¶ 6.

2

4. Economic loss;

5. Lost wages; and

6. Disability[3]

## BASIS FOR REMOVAL

### IV.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332.

## COMPLETE DIVERSITY

### V.

Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a).

1. Plaintiff is a citizen of Louisiana.[4]

2. Defendant, James Castle, is a citizen of Texas.

3. Defendant, Winburn Milk Company, is a foreign corporation domiciled in Texas. Therefore, Winburn Milk Company is a citizen of the state of Texas.

4. Hallmark County Mutual Insurance Company is a foreign insurer incorporated in the State of Texas and has its principal place of business in Dallas, Texas. Thus, Hallmark County Mutual Insurance Company is, in turn, a citizen of the State of Texas.

---

[3] Exhibit A at ¶ 6.
[4] *See,* Exhibit A, Plaintiff's Petition, Introductory Paragraph, in which Plaintiff alleges that she is a domiciled in the Parish of East Baton Rouge, State of Louisiana.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

**VI.**

Additionally, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). To determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that plaintiffs may not petition for a specific monetary amount. La. Code Civ. Proc. Art. 893(A)(1). However, Article 893 of the Louisiana Code of Civil Procedure does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required," which plaintiff did not do in this case.

**VII.**

Defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, a defendant is not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Instead, defendant needs only to prove that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

**VIII.**

On February 12, 2021, in response to a Request for Admission, Plaintiff admitted that her damages meet or exceed $75,000, exclusive of interest and costs, thereby establishing the jurisdictional limit by a preponderance of the evidence.[5]

**IX.**

Once the defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000, plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with</u> their complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 412. Once a defendant has removed the case *St. Paul* makes later filing irrelevant. *De Aguilar v. Boeing Co.*, 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); and citing, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added). In her case, Plaintiff has done the opposite; she has admitted that her damages meet or exceeds $75,000.

**X.**

---

[5] *See* Exhibit B, Plaintiff's Response to Request for Admission.

Further citing *St. Paul Mercury*, the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *De Aguilar*, 47 F.3d at 1409.

## CONSENT OF ALL DEFENDANTS

### XII.

All defendants who have been properly served consent to the removal of this case to federal court.

### XIII.

The above-captioned civil action is therefore removable to this United States District Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446.

### XIV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached as Exhibit 1 to this notice as required by 28. U.S.C. § 1446(a).

## VENUE

### XV.

Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending, the 19th Judicial District Court in and of the Parish of East Baton Rouge, is located within the jurisdictional bounds of the Middle District of Louisiana and because the accident made the subject of the instant lawsuit occurred in East Baton Rouge Parish.

**XVI.**

This action is removable under and by virtue of the acts of Congress of the United States and the defendants desire to remove it to this Court.

Accordingly, Defendants, James Castle, Winburn Milk Company, and Hallmark County Mutual Insurance Company, ask that the above-captioned action be removed to this Court, the United States District Court for the Middle District of Louisiana, in accordance with the provisions of 28 U.S.C. § 1441, *et seq*.

**Respectfully submitted,**

/s/ Robert E. Kerrigan, Jr.
**Robert E. Kerrigan, Jr. (La. Bar #07350)**
**DEUTSCH KERRIGAN, L.L.P.**
**755 Magazine Street**
**New Orleans, Louisiana  70130**
**Telephone:  (504) 581-5141**
**Telefax:  (504) 566-1201**
**E-Mail:   rkerrigan@deutschkerrigan.com**
**Attorney for James Castle, Winburn Milk**
**Company and Hallmark County Mutual**
**Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of February, 2021, I have served a copy of the foregoing upon all known counsel for all parties via the Court's CM/ECF system, or by placing same in the United States mail, properly addressed and with first class postage prepaid, or by facsimile, e-mail, or other electronic means.

  **/s/ Robert E. Kerrigan, Jr.**
   **Robert E. Kerrigan, Jr.**